110 F.3d 72
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Noel Keith WATKINS, Petitioner-Appellant,
v.
Theo WHITE, Warden; James Gomez, Director, Department of
Corrections, Respondents-Appellees.
 No. 96-16218.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 14, 1997.*
Decided April 1, 1997.
 
 Before: GOODWIN, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Noel Keith Watkins appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition which challenged his conviction for second degree murder and assault with a deadly weapon. We affirm.
 
 
 3
 A. Watkins claims that the destruction of the court reporter's notes violated his due process rights because it deprived him of the ability to prove his claims as to an alleged prejudicial jury instruction and the destruction of a handgun. However, the district court determined that the equitable doctrine of laches barred Watkins' claim that the destruction of the court reporter's original notes violated his right to due process. We agree.
 
 
 4
 Petitions for writ of habeas corpus are not subject to a statute of limitations. However, a delay which prejudices the state can result in a dismissal of a petition unless the petitioner can show he exercised reasonable diligence. See Rules Governing Section 2254 Cases 9(a), 28 U.S.C. foll. § 2254; Harris v. Pulley, 885 F.2d 1354, 1365-67 (9th Cir.1989). That is essentially the same as the doctrine of laches, which bars a claim if unreasonable delay in bringing the action causes prejudice.
 
 
 5
 For the principle to apply, the state must initially make a prima facie showing that it has been prejudiced by the petitioner's delay. See Harris, 885 F.2d at 1366. Then, the burden shifts to the petitioner to rebut the showing of prejudice or to show that his delay could not have been prevented by the "exercise of reasonable diligence." Id. (citation omitted). The trial records were destroyed in 1991, in compliance with California law which, at that time, allowed trial records to be destroyed after five years. Because the original records are gone, the state made a sufficient showing that its ability to respond to the claim is prejudiced. Watkins then had to show that he exercised reasonable diligence to prevent the delay in bringing his claim. He did not do so. Thus, this claim was properly barred under Rule 9(a).
 
 
 6
 B. Watkins claims that the arresting officers failed to collect blood or urine samples from him. Those, he says, would have shown that he was intoxicated at the time of the shooting. The government's failure to collect potentially exculpatory evidence may violate due process if bad faith is shown. See United States v. Garcia, 37 F.3d 1359, 1366 (9th Cir.1994); Miller v. Vasquez, 868 F.2d 1116, 1119-21 (9th Cir.1989). Here, however, the district court determined that even if he had been intoxicated at the time of the offense, a matter subject to much doubt, he was not arrested until many hours later. It would not have been, and was not, obvious to the police who arrested him that he was under the influence. They thought he was not. No bad faith was shown. Thus, the claim must fail.
 
 
 7
 C. Watkins alleges that police officers intentionally destroyed a handgun and bullets that were found within the cab portion of the victim's camper truck by Contra Costa County evidence technicians. Further, he claims that the evidence allegedly destroyed "could have been used to prove self-defense." This claim is otiose because the record does not show that any destruction of evidence took place. More to the purpose, he claims that he knew about the evidence before trial. Still he did not even attempt to pursue a self defense theory.
 
 
 8
 D. Watkins' final claim is that the trial court instructed the jury to the effect that the killing in question was intentional. This claim is based upon nothing more than Watkins' confused memory. In fact, the instructions given were accurate and accurately stated the law. They decidedly did not tell the jury that the killing was intentional. They left that and the claimed intoxication defense for the jury to decide.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3